698 N.W.2d 156 (2005)
472 Mich. 924
PEOPLE
v.
Decarlose SMITH.
Docket No. 126837. COA No. 254724.
Supreme Court of Michigan.
June 3, 2005. As Corrected.
On order of the Court, the application for leave to appeal the June 30, 2004 order of the Court of Appeals is considered and, pursuant to MCR 7.302(G)(1), in lieu of granting leave to appeal, we REMAND this case to the Wayne Circuit Court to determine whether there was a violation of M.C.L. § 780.131, M.C.L. § 780.133 and/or MCR 6.004(D). In the course of making this determination, the Wayne Circuit Court shall also determine the following underlying facts:
(1) the date on which defendant was taken into custody by the Michigan Department of Corrections in connection with the first charge of assault with intent to murder that was brought in Washtenaw County;
(2) whether and on what date the Department of Corrections received notice of the second pending charge against defendant of assault with intent to murder that was brought in Wayne County;
(3) whether and on what date the Department of Corrections delivered, by certified mail, to the Wayne County Prosecutor written notice of defendant's place of imprisonment and request for final disposition of the pending charge;
(4) whether the request was accompanied by a statement setting forth the term of commitment under which defendant was being held, the time already served, the time remaining to be served on the first sentence, the amount of good time or disciplinary credits earned, the time of parole eligibility of the prisoner, and any decisions of the parole board relating to defendant;
(5) whether, on what date, and from whom the prosecutor received the written notice and a request for final disposition of the pending warrant, indictment, information, or complaint;
(6) whether the prosecutor acted in good faith during the 180-day time period to proceed promptly to trial;
(7) whether there were any adjournments of the lower court proceedings, which party requested the adjournment(s), and whether there were any objections to the adjournment(s); and
(8) any other facts the parties deem necessary in determining whether the above statutes and court rule were violated.
The parties shall provide the Wayne Circuit Court with any written documentation *157 in their possession that establishes these underlying facts, and this documentation shall be made part of the lower court record. If the parties cannot agree as to these underlying facts, the Wayne Circuit Court shall conduct any additional proceedings or evidentiary hearings necessary. The Wayne Circuit Court shall issue its opinion within fifty-six days of the date of this order. We retain jurisdiction.